THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES HAND, Appellant.—

Christ, P. J., Rabin, Munder and Martuscello, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment, with the following memorandum: In my opinion, defendant was entitled to be informed that he had a right to a jury trial. Since noncriminal addicts were expressly granted the right so to be informed (L. 1968, ch. 772), the constitutional privilege of equal protection of the laws clothed defendant with the same right (*People* v. *Fuller,* 24 N Y 2d 292; *People* v. *Donaldson,* 25 N Y 2d 38). In the absence of a statement which followed the statute, defendant's failure to request a hearing cannot be a waiver of his right. He could waive the right only if he made an intelligent, knowing choice, and without knowledge of his right he could not know of his choice. I do not believe that *People* v. *Reyes* (26 N Y 2d 97) is decisive on the question of waiver. In that case the defendant was not entitled to the benefit of the right, for the statute had not become effective at the time that the defendant pleaded; and the prevailing opinion was explicit in saying that the constitutional question of the equal protection of the laws was not reached. As the question therefore appears open, I would apply the rule that a waiver must be established by clear evidence of a knowing choice (cf. *McCarthy* v. *United States,* 394 U. S. 459, 466; *Fay* v. *Noia,* 372 U. S. 391, 439; *Moore* v. *Michigan,* 355 U. S. 155, 160–161; *Johnson* v. *Zerbst,* 304 U. S. 458, 464; *People* v. *Whitehurst,* 25 N Y 2d 389; *People ex rel. Rohrlich* v. *Follette,* 20 N Y 2d 297, 300–301; *People* v. *Ryan,* 19 N Y 2d 100, 105–106; *People ex rel. Miller* v. *Martin,* 1 N Y 2d 406).